UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYNTHIA TRAVIS

VERSUS

WINN DIXIE STORES, INC.,
ET AL

CIVIL ACTION

NUMBER 13-200-BAJ-SCR

**RULING ON MOTION FOR LEAVE TO AMEND CLAIM**

Before the court is the plaintiffs' Motion to Amend Complaint. Record document number 8.

Plaintiff seeks to join Winn-Dixie Montgomery, LLC as a defendant. Plaintiff's proposed Second Amended Complaint alleges that Winn-Dixie Montgomery, LLC is a "foreign limited liability company, domiciled in Jacksonville, Florida with it principal office" in Jacksonville. The motion indicates that the plaintiff seeks to substitute Winn-Dixie Montgomery, LLC for current defendant Winn Dixie Stores, Inc.[1]

The court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

---

[1] In doing so, the substitution would be treated as a Rule 41(a), Fed.R.Civ.P., voluntary dismissal of Winn Dixie Stores, Inc.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at
(continued...)

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3]  Thus, to properly allege the citizenship of a limited liability company the identify each of the members of the limited liability company must be provided, along with the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]  The citizenship of a limited liability company is not determined by where it is domiciled, or where it is authorized to do or is doing business, nor where it may be served with process.

Plaintiff is a Louisiana citizen.  Use of the letters "LLC" in the entity's name typically indicates that it is a limited liability company.  Consequently, the citizenship of Winn-Dixie Montgomery, LLC is not sufficiently alleged.

---

[2](...continued)
1662).

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D. La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Accordingly, the plaintiffs' Motion for Leave to File Amended Petition is denied, without prejudice to filing another motion for leave to amend along with a proposed amended complaint which properly alleges the citizenship of Winn-Dixie Montgomery, LLC.

Baton Rouge, Louisiana, May 28, 2013.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE